UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOSEPHINE SAJDA, Administrator )
of the Estate of ANDREW J. )
SAJDA, SR.; ANDREW J. SAJDA, JR.)
                                )
           Plaintiffs           )
                                )
      v.                        )  Case No. 2:08 CV 255
                                )
FLOYD BREWTON; R & L TRANSFER,  )
INC.; R & L CARRIERS SHARED     )
SERVICES, LLC,                  )
                                )
           Defendants           )

## OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE 30] filed by the plaintiffs, Andrew J. Sajda, Jr., and the Estate of Andrew J. Sajda, Sr., on July 14, 2009, and the Motion for Leave to File Supplemental Memorandum of Law in Support of Motion to Compel [DE 36] filed by the plaintiffs on September 25, 2009. For the following reasons, the Motion to Compel [DE 30] is **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Leave to File Supplemental Memorandum of Law in Support of Motion to Compel [DE 36] is **GRANTED.**

## Background

This matter arises from an accident which occurred on the Indiana Toll Road in the early morning hours of February 2, 2008. The plaintiff, Andrew J. Sajda, Jr., and his father, Andrew J. Sajda, Sr., were adjacent to the highway on the right hand shoulder of the road attempting to change a flat tire on the

son's Nissan Truck. A truck traveling on the Toll Road struck the father and son, injuring Sajda, Jr., and killing his father. The vehicle then fled the scene of the accident.

That same day, defendant Floyd Brewton, a driver for R & L Transfer, Inc., called his safety supervisor and verbally completed a "routine form" in which he described a sideswipe accident on the Indiana Toll Road at approximately 4:45 a.m. (DE 33-2, p. 2/ Brewton Deposition, p. 140; DE 33-3, p. 7/Indiana State Police Report) Brewton stated that he was involved in an incident with another vehicle and that he wanted to inform R & L so that in the event that the other vehicle involved resurfaced, he "would not be blamed for this." (DE 33-2, p. 2/Brewton Deposition, p. 140)

The Indiana State Police worked diligently to track down the vehicle involved in the fatal hit and run. Using a piece of black plastic that had broken off the truck, the police officers honed in on R & L Transfer. They contacted the corporation to inquire about drivers on the Toll Road that morning who may have been involved in the accident. R & L's representative informed the state troopers of the sideswipe incident reported at the same date and time. Two troopers went there to inspect Brewton's vehicle and met with R & L's attorney, who informed the officers that any information provided by the company to the DOT would be provided to the police. The officers stated that they would prepare a written request for that information.

The sideswipe report, the Accident Register prepared for the DOT, and the documents used to generate the DOT Accident Register are the subject of the discovery dispute at hand.  The plaintiffs filed their Motion to Compel requesting complete answers to the plaintiffs' discovery requests.  The plaintiffs claim that the defendants waived any privilege through a lack of diligence or because of the inapplicability of attorney-client and work product privileges to the items requested.  The defendants respond that they have attempted with good faith to communicate with the plaintiffs and cooperate with discovery and that, therefore, they have not waived any privilege protections.  The defendants stand by the privilege log that they provided, asserting attorney-client privilege, work product privilege, and protection under 49 U.S.C. §504(f) as prohibitions to production of the three reports in dispute.

After conducting depositions of two of R & L's employees, the plaintiffs filed the Supplemental Memorandum of Law in Support of Motion to Compel contending that the employees confirmed the plaintiffs' belief that the reports were compiled in the normal course of business.

## Discussion

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable

3

matter." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003). *See Adams v. Target,* 2001 WL 987853, *1 (S.D. Ind. 2001)(*quoting* Rule 26(b)(1)) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). *See also Shapo v. Engle,* 2001 WL 629303, *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The objecting party must show with specificity that the request is improper. *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002). That burden cannot be met by

4

"a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006) (internal quotations and citations omitted). Rather, the court's broad discretion in deciding such discovery matters should include "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Patterson v. Avery Dennison Corp.,*** 281 F.3d 676, 681 (7th Cir. 2002) (*quoting* ***Rowlin v. Alabama,*** 200 F.R.D. 459, 461 (M.D. Ala. 2001)).

The plaintiffs filed their Motion for Leave to File Supplemental Memorandum of Law in Support of Motion to Compel, offering deposition testimony of two R & L employees as newly discovered support. A court considers such a motion for additional briefing on the basis of how helpful the new information will be in making a decision on the underlying motion. ***Medical Assurance Co., Inc. v. Weinberger***, 2008 WL 697165, *2 (N.D. Ind. 2008). *See also* ***Archdiocese of Milwaukee v. Underwriters at Lloyd's, London***, 955 F.Supp. 1066, 1070 (E.D. Wis. 1997)("However, at some point, briefing must end."). The defendants' response to the motion for leave did not object to the supplemental briefing, but joined in extending the legal arguments. Therefore, the Motion for Leave

to File Supplemental Memorandum of Law in Support of Motion to Compel is **GRANTED**.

In ruling on a motion to compel, the issue of waiver of any privilege protections must be addressed first. The plaintiffs argue that the months-long delay and the incomplete privilege log provided by the defendants waived any privileges. Courts reserve waiver as a sanction for cases where the offending party was guilty of unjustified delay in responding to discovery. ***Cunningham v. SmithKline Beecham***, 255 F.R.D. 474, 480-81 (N.D. Ind. 2009) (*citing* ***Ritacca v. Abbott Laboratories***, 203 F.R.D. 332, 335 (N.D. Ill. 2001)). Improper claims of privilege in response to discovery requests accompanied by "evidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules" support a finding of waiver. ***Ritacca***, 203 F.R.D. at 335. Even where a privilege log is inadequate, the sanction of waiver for all purportedly privileged documents is severe. ***Muro v. Target Corp.***, 250 F.R.D. 350, 365 (N.D. Ill. 2007). Such sanctions are disfavored absent bad faith, wilfulness, or fault. *See* ***American National Bank and Trust Co. of Chicago v. Equitable Life Assur. Soc. of U.S.***, 406 F.3d 867, 879 (7th Cir. 2005) (reversing waiver sanction imposed by the magistrate judge where defendant corporation submitted inadequate privilege log that it acknowledged required revision).

Here, R & L initially failed to submit a privilege log with its discovery responses, and subsequently R & L's privilege log has undergone various revisions. However, R & L communicated the

intent to provide a log, then discussed the delay with the plaintiffs. Although the initial version of the privilege log was deficient, the more current version appears to meet the requirements document by document. Therefore, the evidence of bad faith, wilfulness, or fault necessary to impose the sanction of waiver of all privilege is lacking, and as to that request, the motion is DENIED IN PART.

As to the possible privilege protections of the three reports, the defendants Brewton and R & L Transfer initially contend that the work product doctrine and the attorney-client privilege bar production of all of the documents. "The work product privilege is distinct from and broader than, the attorney-client privilege." ***Broadnax v. ABF Freight Systems, Inc.***, 1998 WL 474099, *1 (N.D. Ill. 1998). The work product doctrine is codified in Federal Rule of Civil Procedure 26(b)(3) as follows:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. . . . If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

7

*See also* ***Boyer v. Gildea***, 257 F.R.D. 488, 490 (N.D. Ind. 2009)(applying the Rule). To meet the qualified immunity from discovery based on Rule 26(b)(3), the materials sought must be: "(1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and (3) by or for a party or by or for a party's representative." ***Boyer***, 257 F.R.D. at 490 (*citing* Wright, Miller & Marcus, 8 *Federal Practice & Procedure* §2024 (3d ed.)).

    The threshold determination is whether the documents sought to be protected were prepared in anticipation of litigation or for trial. ***Caremark, Inc. v. Affiliated Computer Services, Inc.***, 195 F.R.D. 610, 614 (N.D. Ill. 2000). The test for each document is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* (*citing* and *quoting* ***Binks Mfg. Co. v. National Presto Indus., Inc.***, 709 F.2d 1109, 1118-19 (7th Cir. 1983)). Precedent is clear that eventual litigation does not ensure protection of all materials prepared by attorneys – the "remote prospect of future litigation" does not suffice to bring the work product doctrine into play. *Id.* at 1120. Materials or investigative reports developed in the ordinary course of business do not qualify as work product. If the material or report came into existence because of the litigation or because of an existing claim likely to lead to litigation, then the doctrine applies. ***Caremark***, 195 F.R.D. at 614.

The attorney-client privilege protects communications between a client and his lawyer. "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390, 101 S.Ct. 677, 683, 66 L.Ed.2d 584 (1981). The Seventh Circuit applies the privilege under the following principles:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.
>
> *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991)

The party claiming the privilege bears the burden of establishing all of the elements of the attorney-client privilege. *Id*. "The claim of privilege cannot be a blanket claim; it must be made and sustained on a question-by-question or document-by-document basis." *Id.* (*citing United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983))(internal quotation omitted).

Beginning with the sideswipe report, the defendants assert the report falls under both the work product doctrine and the attorney-client privilege. Neither claim applies. Brewton phoned in this self-described routine report to the safety supervisor at R & L. Such phoned-in reports of the drivers are regular occurrences in the transportation industry, and regard-

9

less of any handwritten notes that may appear on the report, nothing expressed by the defendants suggests that the sideswipe report was not made in the ordinary course of business. *See Broadnax*, 1998 WL 474099 at *3 (finding the same). Defendants' argument that the sideswipe report contains notes "identifying counsel of record" do nothing to alter the fact that the report was generated in the ordinary course of business. Likewise, the addition of the name of counsel to a document cannot raise the report to meet the requirements for attorney-client privilege. Brewton's phone call creating the sideswipe report was not seeking legal advice and was not made to a legal advisor. Neither of these privileges apply to this document.

In similar fashion, the computer template used to generate the DOT Accident Register appears to be a regularly generated report by the trucking company's Safety Compliance Administrator. As a regular report generated in the ordinary course of business, the work product doctrine cannot apply, and forwarding the document to an attorney does not cloak it in attorney-client privilege. Therefore, these privileges do not apply to the computer template.

The defendants argue that the DOT Accident Register is barred by 49 U.S.C. §504(f) from disclosure in discovery.[1] The

---

[1] The defendants' response to the motion to compel contains only one sentence simply stating, "Last, 49 U.S.C. 504(f) prohibits the disclosure of such a record." However, they devote the majority of their legal argument on this point in the later Response in Opposition to Plaintiffs' Motion for Leave to File Supplemental Memorandum of Law in Support of Motion to Compel, while failing to argue work product and attorney-client privileges any longer.

court looks to the text of the statute, which must be strictly construed. *St. Regis Paper Co. v. United States*, 368 U.S. 208, 218, 82 S.Ct. 289, 295, 7 L.Ed.2d 401 (1961). The defendants bear the burden of proving that a privilege exists. *United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir. 1994). Section 504(f) states:

> No part of a report of an accident occurring in operations of a motor carrier, motor carrier of migrant workers, or motor private carrier and required by the Secretary, and no part of a report of an investigation of the accident made by the Secretary, may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report or investigation.

Defendants interpret the prohibition for "use" in a civil action for damages to encompass the discovery process.

Although there is a dearth of case law on this provision, the reported cases all reach the same conclusion. The Supreme Court in *St. Regis Paper Co.* discussed the necessary strict construction of statutes purporting to create a privilege and held that disclosure of information through discovery will not be barred absent an express prohibition. 368 U.S. at 218, 82 S.Ct. at 295. In fact, the *St. Regis Paper Co.* opinion specifically listed the earlier version of §504(f) as an example of just such an example of "when Congress has intended like reports not to be subject to compulsory process" and "has said so." *Id*. *See Federal Procedure, Lawyers Ed.* §76:683 (Updated August 2009)("Nor are such reports [required or made by the Secretary of Transportation of an accident occurring in the operations of a motor

11

carrier] subject to discovery in any such civil action."). *See also **Irvine v. Safeway Trails***, 10 F.R.D. 586, 587-88 (E.D. Pa. 1950)("[P]laintiffs have requested the production of reports to the Interstate Commerce Commission which under the provisions of the Act [now codified as 49 U.S.C. §504(f)], are privileged. The objection to this interrogatory, therefore, will be sustained.").

The plaintiffs counter that the seemingly nonspecific wording of §504(f) prohibiting admission into evidence or "use" in a civil action for damages lacks the Congressional intent to create a privilege. However, they fail to cite a case in which a court compelled discovery when the statutory privilege of §504(f) was asserted. Indeed, the plaintiffs discuss a review of the United States Code revealing six statutes in which Congress has created a privilege exempting documents from the discovery process with specific language aimed at the subject of discovery. Similarly, in **Adcox v. Medtronic, Inc.**, 131 F.Supp.2d 1070, 1075 (E.D. Ark. 1999), the court reviewed six statutes, including §504(f), with similarly ambiguous "used in a civil action for damages" language, and found that such language was not specific enough to demonstrate Congress' intent to bar such reports from discovery. This conclusion was vacated upon a writ of mandamus by the Eighth Circuit, holding that the statute precluded discovery of the mandatory reports. **In re Medtronic, Inc.**, 184 F.3d 807, 811 (8th Cir. 1999).

The burden to demonstrate privilege is on the defendants, and the case law presented to the court supports the interpreta-

tion of 49 U.S.C. §504(f) argued by the defendants.  Therefore, the DOT Accident Register assigned Event No. 2008055687 is protected by statutory privilege, and the motion to compel is DENIED IN PART as to this report.

The defendants, in their response to the motion to file a supplemental memorandum belatedly, argue that the sideswipe report and the computer template used to compile the information for the DOT Accident Register also fall under the statutory protections of §504(f).  The court disagrees.  The statute provides protection for all parts of "a report of an accident" required by the Secretary, but it does not extend to regularly-gathered information that the carrier acquires and uses to fill in the blanks on that DOT report.  Nowhere does this narrow statutory provision extend itself to documents "used to generate the DOT Official Accident Register Reports" as the defendants purport.  Only "investigation of the accident *made by the Secretary*" are similarly excluded – not internal investigations by the carrier.  Therefore, as to the sideswipe report and the computer template used to generate the DOT Accident Register, the Motion to Compel is GRANTED IN PART.

_____

For the foregoing reasons, the Motion to Compel [DE 30] filed by the plaintiffs, Andrew J. Sajka, Jr., and the Estate of Andrew J. Sajda, Sr., on July 14, 2009, is **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Leave to File Supplemental

Memorandum of Law in Support of Motion to Compel [DE 36] filed by the plaintiffs on September 25, 2009, is **GRANTED**.

ENTERED this 20th day of November, 2009

                                                s/ ANDREW P. RODOVICH
                                                  United States Magistrate Judge