# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| ANDREW J. SAJDA, JR., and JOSEPHINE SAJDA, as Administrator of the ESTATE OF ANDREW J. SAJDA, SR., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 2:08-CV-255 JVB<br>) |
| FLOYD BREWTON and R&L TRANSFER, INC., a corporation, and R & L CARRIERS SHARED SERVICES, LLC., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION & ORDER**

Early one winter morning, Andrew Sajda Sr. was helping his son, Andrew Sajda Jr. change a tire on the side of the Indiana Toll Road. Unfortunately, the Sajdas were involved in an accident, killing Sajda Sr. and injuring Sajda Jr. On August 7, 2008, Sajda Jr. and the estate of Sajda Sr. filed this case in the Superior Court of Porter County, Indiana. Defendants Floyd Brewton and R & L Transfer, Inc., removed the case to this Court on September 9, 2008. On August 20, 2010, Defendants moved for summary judgment on the issues of negligence and punitive damages. In the Motion, Defendants claim that Plaintiffs could not present evidence that Brewton's truck was the original vehicle to hit the Sajdas or that, if it were, that Brewton was operating it negligently. They also claim that punitive damages are not available as a matter of law.

**A. Background Facts**

Early in the morning on February 2, 2008, Plaintiff Sajda Jr. was driving his Nissan on I-80. His front-left tire went flat, and he pulled over onto the shoulder to change the tire. Using the car jack provided with his car, he was unable to raise the car high enough to put the spare tire on. He called his father, Sajda Sr., and asked him to bring a floor jack from Sajda Jr.'s garage. Sajda Sr. retrieved the jack and brought it to Sajda Jr. Before Sajda Sr. arrived, Trooper Hetrick of the Indiana State Police stopped to check on Sajda Jr. and left after learning of the situation. Sajda Sr. parked in front of Sajda Jr.'s car and proceeded to help Sajda Jr. change the tire. Sajda Jr. claims that Sajda Sr. was sitting cross-legged facing the Nissan's front-left wheel.

While the Sajdas were changing the tire, Defendant Brewton was driving on I-80. He was driving a semi-truck with two trailers for Defendant R & L Transfer. Brewton saw the Sajdas' two stopped vehicles, but claims he did not see the Sajdas and that he was unable to change into the left lane because of aggressive driving by a black sedan. He slowed down, but unfortunately, both Sajdas were hit by his truck. Sajda Jr. suffered injuries and Sajda Sr. was killed. Brewton did not stop after the accident and claims the he was unaware that the accident occurred until he was informed of it later. Police arrived on the scene shortly after the accident. Plaintiff Sajda Jr. told police that he did not believe that a semi-truck had struck him. However, police found a piece of Brewton's truck at the scene and eventually determined that Brewton's truck had struck the Sajdas.

Brewton was hired by R & L in 2004 despite the fact that he had made several false statements about his prior employment in his application. R & L did not provide Brewton with any safety training when he was hired. While R & L did hold monthly safety meetings, there is

2

no record that Brewton attended any of them and Brewton stated in his deposition that he was unaware that these safety meetings took place at all.

Both Defendants and Plaintiffs retained expert witnesses to testify about how the accident occurred. The Defendants hired John Goebelbecker, an accident reconstructionist. The Plaintiffs hired Stephan Neese, an accident reconstructionist, and Walter Guntharp Jr., a safety and commercial vehicle expert. Both sides moved to exclude the other sides' witnesses, but they were unsuccessful, although the Court did place limits on what the experts could testify about.

**B. Legal Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists.

*Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**C. Discussion**

**(1)** *Other Vehicle*

Sajda Jr. told police after the accident that he did not think a semi-truck had hit him. Defendants now claim that Plaintiffs can present no evidence that Brewton's truck was the vehicle to strike the Sajdas. However, the testimony of Plaintiff's expert witness, Stephan Neese, provides sufficient evidence for a reasonable jury to conclude that Brewton's truck was the first vehicle to hit the Sajdas. As a result, there is a genuine issue of fact to be tried by jury

**(2)** *Negligence*

Under Indiana law, a plaintiff is required to show three thing to prevail on a claim of negligence: "1) [a] duty owed to the plaintiff by defendant, 2) [a] breach of duty by allowing

4

conduct to fall below the applicable standard of care, and 3) [a] compensable injury proximately caused by defendant's breach of duty." *Caesars Riverboat Casino, LLC v. Kephart*, 934 N.E.2d 1120, 1123 (Ind. 2010) (citing *Kroger Co. v. Plonski*, 930 N.E.2d 1, 6 (Ind. 2010). The court finds that there is a genuine issue of fact as to whether Defendants were negligent in this case.

**(3)** *Punitive Damages*

Under Indiana law, a court may only award punitive damages if the Plaintiff can show by clear and convincing evidence that the Defendant "acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing." *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 541 (Ind. 1997) (quoting *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993)). "It is not enough that the tortfeasor engage in conduct that she knows will probably result in injury. . . . The tortfeasor must act with conscious indifference or heedless disregard of the consequences of her actions." *Juarez v. Menard, Inc.* 366 F.3d 479, 482 (7th Cir. 2004) (citing *Orkin Exterminating Co., Inc. v. Traina*, 486 N.E.2d 1019, 1023 (Ind. 1986)).

In *Purnick v. C.R. England, Inc.*, 269 F.3d 851 (7th Cir. 2001), the court found that punitive damages could not be awarded in circumstances similar to those in the present case. The plaintiff in *Purnick* presented evidence that the driver of the truck that had hit her had falsified his logs and driven beyond the ten-hour limit several times in the week before the accident and that this led him to be fatigued. 269 F.3d at 852. The court stated that this was not enough for punitive damages because the plaintiff could not present any evidence the truck driver "actually knew that he was so tired that continuing to drive would likely cause injury." *Id.*

5

at 853. The Plaintiffs in this cause have also failed to show that Brewton actually knew his actions would cause injury and thus cannot recover punitive damages against him.

The Plaintiffs claim they should recover punitive damages against R&L because it hired Brewton knowing he had falsified his application and because it failed to give Brewton any safety training. However, it provides no evidence that these action were proximate causes of the accident. The Plaintiffs also claim they should recover punitive damages because of previous accidents and infractions by Brewton. However, they provide no evidence as to what the accidents were, and most of the infractions deal with failure to turn in log books. The Plaintiffs have not presented enough evidence for a reasonable jury to find that R&L "acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing." *USA Life One Ins. Co. of Ind.*, 682 N.E.2d at 541 (Ind. 1997).

**D. Conclusion**

The Defendant's Motion for Summary Judgment [DE 62] is DENIED in part and GRANTED in part. Count IV of Plaintiffs' First Amended complaint is dismissed.

SO ORDERED on February 10, 2011.

    s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge